UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID CURTIS PATTERSON, JR. | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| ALLSTATE FIRE & CASUALTY | § | |
| INSURANCE COMPANY | § | **(JURY)** |
| | § | |
| Defendant. | § | |

**NOTICE OF REMOVAL**
**AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Allstate Fire and Casualty Insurance Company, and files their Notice of Removal pursuant to 28 U.S.C. §1446(a), as well as their formal Demand for Jury Trial, and in support thereof would show the Court as follows:

1.      On August 10, 2015, Plaintiff David Curtis Patterson, Jr., filed Plaintiff's Original Petition in the matter styled *David Curtis Patterson, Jr., v. Allstate Fire and Casualty Company*, Cause No. CV-15-1201, in the 59th Judicial District Court, Grayson County, Texas.

2.      Plaintiff served Allstate Fire and Casualty Insurance Company with a copy of the Petition by certified mail, return receipt requested on August 17, 2015.

3.      Defendant files this Notice of Removal within 30 days of receiving Plaintiff's Original Petition.  *See* 28 U.S.C. §1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

4.      All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a) and are attached hereto as Exhibit "A." A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

5.      Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embrace Grayson County, Texas, the place where the removed action has been pending.

II.

### BASIS FOR REMOVAL

6.      The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties, in that the Defendant is now, and was at the time the action was commenced, diverse in citizenship from Plaintiff. No Defendant is, or was at the time the suit was commenced, a citizen of the State of Texas. Plaintiff is, and was at the time this lawsuit was filed a resident of Bells, Grayson County, Texas. (See Petition, para. 2.). Defendant Allstate Fire and Casualty Insurance Company is an Illinois Corporation with its principal place of business in Illinois. Accordingly, Allstate Fire and Casualty Insurance Company is a citizen of the State of Illinois and complete diversity exists. The claim against Defendant Allstate concerns the alleged breach of an insurance contract.

**A.      The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction**

7.      In determining the amount in controversy, the court may consider the "policy limits . . . penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *See Ray v. State Farm Lloyds*, No. CIV. A. 3:98-CV-1288-G, 1999 WL 151667, at *2-3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations

of the Texas Deceptive Trade Practices Act and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

8.      This is a civil action in which the amount in controversy exceeds $75,000.00.  Plaintiffs allege that Defendant is liable under a residential insurance policy because Plaintiffs made a claim under that policy and Defendant wrongfully adjusted and denied that claim.   Plaintiff specifically alleges economic damages totaling $78,810.94.

9.      In addition to the above damages, the Plaintiff's Original Petition alleges that Defendant is liable under a theory of negligent misrepresentation and for attorney's fees.  *See* Plaintiff's Original Petition, paras. 17-23. This evidence clearly shows that the amount in controversy exceeds the jurisdictional requirements.

III.

**T**HE **R**EMOVAL IS **P**ROCEDURALLY **C**ORRECT

10.     Defendant was served with the Plaintiff's Original Petition on August 17, 2015. Defendants filed this Notice within the 30 day time period required by 28 U.S.C. §1446(b).

11.     Venue is proper in the District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

12.     Pursuant to 28 U.S.C. §1446(a) all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

13.     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff.

14.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Dallas County District Court, promptly after Defendant files this Notice.

15.     Defendants hereby demand a trial by jury.

IV.

## CONCLUSION

Based on the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Fire and Casualty Insurance Company hereby removes this case to this court for trial and determination.

Respectfully submitted,

**STACY & CONDER, LLP**

By:     /s/ David G. Allen
        David G. Allen
        State Bar No.: 00786972
        allen@stacyconder.com
        Joel A. Richmond
        State Bar No.:24065974
        richmond@stacyconder.com

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 Fax
**ATTORNEYS FOR DEFENDANT
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

On **September 16, 2015** I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).


        /s/ David G. Allen
David G. Allen

FILED
8/10/2015 4:52:25 PM
Kelly Ashmore
District Clerk
Grayson County

CV-15-1201

NO. _____

| | | |
|---|---|---|
| DAVID CURTIS PATTERSON, JR. | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| COMPANY | § | |
| | § | |
| Defendants. | § | OF GRAYSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES DAVID CURTIS PATTERSON, JR., hereinafter called Plaintiff, complaining of and about ALLSTATE FIRE AND CASUALTY COMPANY and EVERETT-WAGNER INSURANCE, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.   Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.   Plaintiff, DAVID CURTIS PATTERSON, JR., is an Individual whose address is 808 North Pecan, Bells, Texas 7575414.

3.   The last three numbers of DAVID CURTIS PATTERSON, JR.'s driver's license number are 259. DAVID CURTIS PATTERSON, JR. has not been issued a social security number.

4.   Defendant ALLSTATE FIRE AND CASUALTY COMPANY, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business

---

PLAINTIFF'S ORIGINAL PETITION                                                                 Page 1

**EXHIBIT**

**A** 6

Organizations Code, by serving the registered agent of the corporation, CT Corporation System, at 1999 Bryan St. Ste. 900, Dallas, Texas 75201-3136, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      Plaintiff seeks:

      a.      only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

7.      Plaintiff would show that Defendant ALLSTATE FIRE AND CASUALTY COMPANY had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant

8.      Venue in Grayson County is permissive in this cause.

## FACTUAL ALLEGATIONS

9.      On March 31, 2013, DAVID CURTIS PATTERSON, JR. entered into a written contract with ALLSTATE FIRE AND CASUALTY COMPANY and EVERETT-WAGNER INSURANCE, providing that Plaintiff would have homeowner's insurance covering his dwelling and contents ("the Contract"). A copy of the contract is attached as Exhibit A and incorporated by reference.

10.     On March 31, 2013, ALLSTATE FIRE AND CASUALTY COMPANY represented to Plaintiff, that his dwelling and contents were fully covered and the enough coverage exited to cover any loss.

11.     The aforementioned representation was false. In truth, the coverage provided was insufficient to cover the damages suffered by Plaintiff.

---

PLAINTIFF'S ORIGINAL PETITION                                                                 Page 2

## BREACH OF CONTRACT

12.    Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

13.    All conditions precedent to the performance of ALLSTATE FIRE AND CASUALTY COMPANY and EVERETT-WAGNER INSURANCE under the Contract have been met.

14.    The contractual obligations of DAVID CURTIS PATTERSON, JR. have been fully performed.

15.    Defendants have failed to perform their contractual obligations, specifically, Defendant's have failed to pay under the terms of the contract for the damages suffered by Plaintiff as a result of the fire on August 12, 2013.

16.    Defendants' breach of contract described hereinabove has injured Plaintiff, causing Plaintiff to not be reimbursed for all losses suffered as a result of the fire on August 12, 2013.

## NEGLIGENT MISREPRESENTATION

17.    Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

18.    Plaintiff would show that Defendant, ALLSTATE FIRE AND CASUALTY COMPANY, made a false representation in the course of a transaction in which Defendant had a pecuniary interest, and that the representation was made by Defendant to guide the Plaintiff in the conduct of Plaintiff's business.

19.    Defendant failed to exercise reasonable care or competence in obtaining or communicating such information represented.

PLAINTIFF'S ORIGINAL PETITION                                                  Page 3

20.    Plaintiff justifiably relied on the misrepresentation of the Defendant, resulting in pecuniary loss, including Plaintiff's personal property cannot be replaced.

21.    Plaintiff therefore asserts a cause of action for negligent misrepresentation against Defendant, ALLSTATE FIRE AND CASUALTY COMPANY, as provided by Federal Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439 (Tex. 1991).

### DAMAGES

22.    Plaintiff has sustained damages in excess of this Court's jurisdictional minimum, as a result of the actions and/or omissions of Defendants described hereinabove, including, but not limited to:

      (a)    Actual or economic damages for $28,810.94

      (b)    Uncovered economic damages for $50,000.00

### OTHER RELIEF REQUESTED
### ATTORNEY'S FEES

23.    Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code.

### ALTERNATIVE ALLEGATIONS

24.    Pursuant to Rules 47 and 48, Texas Rules of Civil Procedure and the rules of pleadings, allegations in this petition are made in the alternative.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, DAVID CURTIS

---

PLAINTIFF'S ORIGINAL PETITION                                              Page 4

PATTERSON, JR., respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

By:  /s/ Timothy R. Haney
     TIMOTHY R. HANEY
     Texas Bar No. 00789344
     Email: tim@timhaneylaw.com
     108 North Travis Street
     SHERMAN, TEXAS 75090
     Tel. (903) 868-3033
     Fax. (903) 891-3379
     Attorney for Plaintiff
     DAVID CURTIS PATTERSON, JR.